UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY BROWN,<br>   Plaintiff, | )<br>)<br>)<br>) | |
| vs. | ) | No. 17-4211 |
| GREG SCOTT, et al.,<br>   Defendants | )<br>)<br>) | |

CASE MANAGEMENT ORDER

The Plaintiff in this case filed his original complaint [1] followed by two motions for leave to amend his complaint. [5, 6]. The most recent motion to amend supersedes Plaintiff's other complaints. Therefore, the first motion to amend is denied as moot [5], but the second motion is granted pursuant to Federal Rule of Civil Procedure 15. [6]

Plaintiff is proceeding pro se and is detained in the Rushville Treatment and Detention Center. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff claims his constitutional rights were violated at the Rushville Treatment and Detention Center by Facility Director Greg Scott, Security Director Chris Clayton, Legal Coordinator Lynn Shelton, Clinical Director Shan Jumper, Assistant Clinical Director Sharlene Carraway, Former Security Director Eugene McAdory, Former Security Director Terry Williams, Major Joseph Hankins, Sergeant Curtis Parson and Facility Evaluator Joseph Proctor.

Plaintiff's complaint is very repetitive and appears to restate the same claims against each of the named Defendants. Plaintiff says on August 4, 2015, he received a settlement offer in *Brown v McAdory*, Case No. 11-3195, which allowed him to have a guitar in his room as long as he maintained a C grade status. (Comp, Ex. 4). However, Plaintiff says the Defendants all conspired to retaliate against him for his refusal to accept the settlement officer. Plaintiff says also on August 4, 2015, he was found guilty of a false disciplinary report and sent to segregation. As a result, apparently Plaintiff's "status" was lowered and he was not eligible to have a musical instrument. (Amd. Comp., p. 4).

The Court notes the attachments to Plaintiff's complaint indicate he received an incident report on August 2, 2015, but Plaintiff was not found guilty of the fighting

allegation until August 4, 2015 (Amd. Comp., Ex. 1, 2). In addition, an email was sent to Plaintiff regarding a potential settlement on August 4, 2015 that indicates it is a "follow-up to our phone conversation." (Amd. Comp, Ex. 4). The Court notes *Brown v. McAdory*, Case No. 11-3195 proceeded to a jury trial on November 19, 2015.

To demonstrate a First Amendment retaliation claim, a plaintiff must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). However, Plaintiff claims Defendants retaliated against him or conspired to retaliate against him because he would not accept a settlement offer. Engaging in settlement talks is not a protected activity. In addition, based on the documents provided to the Court, the settlement offer was made at the time Plaintiff was disciplined, not after he rejected the offer. Therefore, Plaintiff has failed to state a constitutional violation based on retaliation or conspiracy to retaliate.

Nonetheless, it is unclear whether this is the allegation Plaintiff intended to allege or whether Plaintiff was also alleging additional claims. Since Plaintiff is proceeding pro se, the Court will allow him one opportunity to clarify his allegations. However, Plaintiff MUST follow the Court's directions or his revised complaint will be dismissed and his case will be dismissed with prejudice.

The amended complaint must stand complete on its own, include all claims against all Defendants, and must not make reference to any previous filing. The body of Plaintiff's amended complaint must include numbered paragraphs. For each paragraph, Plaintiff must state only one claim including what happened, when it happened, where it happened, and who was involved. Plaintiff must not repeat his claims, but instead state each intended claim only one time to avoid confusion.

IT IS THEREFORE ORDERED that:

1) Plaintiff's first motion for leave to amend is denied as moot [5] and his second motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [6]

2) Pursuant to its review of Plaintiff's amended complaint, the Court finds Plaintiff has failed to articulate a federal claim and his complaint is therefore dismissed.

3) The Court will allow Plaintiff one opportunity to file an amended complaint clarifying his claims. Plaintiff MUST follow the directions of the Court and must file his proposed amended complaint within 21 days or on or before December 1, 2017. If Plaintiff fails to follow the Court's directions or fails to file his proposed second amended complaint on or before the December 1, 2017 deadline, his case will be dismissed with prejudice.

4) The Clerk of the Court is to reset the complaint review deadline for 21 days from this order.

ENTERED this 17th day of November, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE